# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DEAVER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGARET MIMS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-01736-LJO-SKO PC<br><br>FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Jason Deaver, an inmate proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 17, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are

1 taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Complaint

### A.     Allegations

Plaintiff, who is currently incarcerated at the Fresno County Jail, brings this action against Sheriff Margaret Mims and Dr. P. Narayan, a psychiatrist. Plaintiff alleges that he is bipolar and pre-detention, Plaintiff's condition was successfully treated with lithium, which is the only medication that helps him. Plaintiff has been at the jail for thirteen months and he has been denied lithium. Plaintiff has requested psychiatric attention several times and expressed his concern over his medication, but his requests have been ignored.

### B.     Medical Care Claim

#### 1.     Legal Standard

Assuming Plaintiff is a pretrial detainee rather than a convicted prisoner, Plaintiff is protected from conditions of confinement which amount to punishment.[1] Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the

---

[1] Plaintiff's status cannot be ascertained from his complaint.

standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims, which includes medical care. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

An inmate's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) the jail official deprived the inmate of the minimal civilized measure of life's necessities, and (2) the jail official acted with deliberate indifference in doing so. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quotation marks and citation omitted). A jail official does not act in a deliberately indifferent manner unless he or she knows of and disregards an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994) (quotation marks omitted). Deliberate indifference may be manifested when jail officials deny, delay or intentionally interfere with medical treatment, or in the manner in which jail physicians provide medical care. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (quotation marks omitted).

### 2. Discussion

#### a. Objective Element

The existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (quotation marks and citation omitted). Plaintiff's allegations that he has suffered from bipolar disorder for many years and was treated effectively with lithium are sufficient, at the pleading stage, to support the existence of a serious medical need.

#### b. Subjective Element

To support a viable claim for relief under section 1983, Plaintiff must also allege sufficient facts to support the claim that the named defendants acted with deliberate indifference to his mental health needs. This requires Plaintiff to set forth allegations showing that Defendants Mims and

///

1  Narayan knowingly disregarded an excessive risk of harm to Plaintiff's health. Farmer, 511 U.S. at
2  837.
3        Liability may not be imposed on supervisory personnel under the theory of *respondeat*
4  *superior*, Iqbal, 556 U.S. at 676-77; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009),
5  and supervisors or administrators may only be held liable if they participated in or directed the
6  violations, or if they knew of the violations and failed to act to prevent them, Taylor v. List, 880 F.2d
7  1040, 1045 (9th Cir. 1989) (quotation marks omitted); accord Starr v. Baca, 652 F.3d 1202, 1205-08
8  (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark
9  County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d
10 1189, 1204 (9th Cir. 1997). In short, some culpable action or inaction must be attributable to them.
11 Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County
12 of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
13 1989).
14       Plaintiff's complaint is devoid of any factual allegations showing that Defendants Mims and
15 Narayan acted with deliberate indifference to his mental health needs. Therefore, Plaintiff fails to
16 state a claim against either Defendant under section 1983. Plaintiff will be given the opportunity to
17 file an amended complaint.
18 **III.     Conclusion and Order**
19       Plaintiff's complaint fails to state a claim under section 1983. The Court will provide
20 Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified above.
21 Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not
22 change the nature of this suit by adding new, unrelated claims in his amended complaint. George
23 v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).
24       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
25 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556
26 U.S. at 676-77. Although accepted as true, the factual allegations must be sufficient to raise a right
27 to relief above the speculative level. Twombly, 550 U.S. at 555 (quotation marks and citations
28 omitted).

Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)) (quotation marks omitted); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:   May 14, 2012**                     /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE