1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

8  JASON DEAVER,                              CASE NO. 1:11-cv-01736-LJO-SKO PC

9              Plaintiff,                     FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING (1) ACTION PROCEED
10       v.                                  AGAINST DEFENDANT NARAYAN AND (2)
                                             DEFENDANT MIMS AND CLAIM FOR
11  MARGARET MIMS, et al.,                   INJUNCTIVE RELIEF BE DISMISSED

12              Defendants.                  (Doc. 8)

13                                           THIRTY-DAY OBJECTION DEADLINE

14  _____/

15       **Findings and Recommendations Following Screening of Amended Complaint**

16  **I.    Screening Requirement and Standard**

17       Plaintiff Jason Deaver, a state prisoner proceeding pro se and in forma pauperis, filed this

18  civil rights action pursuant to 42 U.S.C. § 1983 on October 17, 2011.  On May 15, 2012, the Court

19  screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state a claim

20  under section 1983.  Plaintiff filed an amended complaint on June 1, 2012.

21       The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader

2    is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4    do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic

5    Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

6    indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

7    (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

8    conclusions are not.  Iqbal, 556 U.S. at 678.

9    While prisoners proceeding pro se in civil rights actions are still entitled to have their

10   pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is

11   now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive

12   screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

13   allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

14   Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969

15   (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

16   consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678

17   (quotation marks omitted); Moss, 572 F.3d at 969.

18   **II.    Discussion**

19        **A.    Allegations**

20   Plaintiff, who is currently incarcerated at Wasco State Prison, brings this action against

21   Fresno County Sheriff Margaret Mims and psychiatrist P. Narayan for violating his rights while he

22   was at the Fresno County Jail.

23   Plaintiff alleges that he has bipolar disorder and after trial and error with other medications,

24   he was being successfully treated for the disorder with lithium.  While at the jail, Plaintiff was

25   interviewed by Defendant Narayan regarding his mental health issues.  Plaintiff provided Defendant

26   with records which documented the effective treatment of his condition with lithium. Defendant told

27   Plaintiff that the jail did not provide lithium because it was not cost effective, and Celexa was

28   available to Plaintiff. Plaintiff showed Defendant records which documented unsuccessful trials and

1 errors with other medications, including Celexa, but Defendant said it was the best he could do

2 because that was all that was available.

3       Plaintiff alleges that as result of the discontinuation of lithium, his mental health deteriorated

4 and he cut his wrists in two suicide attempts while in the throes of mania and severe depression.

5 Plaintiff also alleges that he reacted violently in jail due to uncontrollable mood swings, and despite

6 his known mental health issues and his grievances seeking help, he has been left to unnecessarily

7 suffer for almost two years.

8       Plaintiff seeks damages and injunctive relief in the form of an order mandating his evaluation

9 by a competent psychiatrist and adequate treatment for his condition.

10       **B.**     **Medical Care Claim**

11             **1.**     **Legal Standard**

12       It is unclear during which portion of events Plaintiff was a pretrial detainee and during which

13 portion he was a convicted prisoner; regardless, while pretrial detainees' rights are protected under

14 the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the

15 Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement

16 claims. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v.

17 County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128

18 (9th Cir. 1998).

19       Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

20 clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

21 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

22 prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

23 2006) (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show

24 deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer v. Brennan,

25 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir.

26 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson,

27 217 F.3d at 731; Frost, 152 F.3d at 1128.

28 ///

1    For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical

2    need by demonstrating that failure to treat [her] condition could result in further significant injury

3    or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need

4    was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett

5    v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

6    Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's

7    pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122

8    (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which

9    entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012)

10   (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be

11   shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may

12   be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122

13   (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

14   ## 2.   Defendant Narayan

15   The Court finds that Plaintiff's allegations are sufficient to state a claim against Defendant

16   Narayan. Bipolar disorder is unquestionably a serious medical need and Plaintiff's allegations

17   support a claim that he was denied the treatment which had proven to be effective and offered only

18   a medication which had proven to be ineffective based solely on budgetary considerations. Budget

19   constraints cannot justify the failure to provide appropriate medical care and Plaintiff is entitled to

20   proceed on his claim. Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).

21   ## 3.   Defendants Mims

22   Plaintiff's allegations do not support a claim against Defendant Mims, however. Plaintiff

23   alleges only that Defendant Mims, as the sheriff, is responsible for the treatment of prisoners and the

24   security of the jail, and she is responsible for ensuring the availability of adequate medical care.

25   Under section 1983, Plaintiff must link each named defendant to the participation in the

26   violation at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21;

27   Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930,

28   934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of

4

1   *respondeat superior*, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and

2   administrators may only be held liable if they "participated in or directed the violations, or knew of

3   the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);

4   accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570

5   (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th

6   Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or

7   inaction must be attributable to each defendant and here, there are no factual allegations which

8   support a claim that Defendant Mims either directly acted with deliberate indifference to Plaintiff's

9   medical needs or was responsible for a policy which was the moving force behind the violation.

10   Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County

11   of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

12   1989).

13           **C.      Injunctive Relief Claim**

14           When an inmate seeks injunctive or declaratory relief concerning the prison where he is

15   incarcerated, his claims for such relief become moot when he is no longer subjected to those

16   conditions.  Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9th Cir. 2012); Nelson v. Heiss, 271 F.3d 891,

17   897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d

18   517, 519 (9th Cir. 1991).  Plaintiff is no longer incarcerated at the Fresno County Jail and therefore,

19   his claim for an injunction mandating his evaluation by a competent psychiatrist and adequate

20   treatment is moot, thereby limiting this action to one for damages.

21   **III.    Conclusion and Recommendation**

22           The Court has screened Plaintiff's amended complaint and finds that it states a cognizable

23   claim against Defendant Narayan for denial of adequate medical care, but it fails to state a claim

24   against Defendant Mims.  Based on the nature of the deficiency and the Court's previous screening

25   order, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122,

26   1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

27   ///

28   ///

1     Accordingly, the Court HEREBY RECOMMENDS that:

2     1.      This action proceed as one for damages against Defendant Narayan for denial of

3             adequate medical care;

4     2.      Defendant Mims be dismissed, with prejudice, based on Plaintiff's failure to state a

5             claim against her under section 1983; and

6     3.      Plaintiff's claim for injunctive relief be dismissed as moot.

7     These Findings and Recommendations will be submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

9  **days** after being served with these Findings and Recommendations, Plaintiff may file written

10 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

11 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

12 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

13 1153 (9th Cir. 1991).

14

15 IT IS SO ORDERED.

16 **Dated:    November 6, 2012**                    **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28