# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DEAVER, | Case No. 1:11-cv-01736-SKO (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF AN EXPERT WITNESS** |
| v. | |
| MARGARET MIMS, et al., | (Docs. 81, 86) |
| Defendants. | |

Plaintiff Jason Deaver, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 17, 2011. This action for damages is proceeding against Defendant Narayan for denial of adequate medical care, in violation of the Due Process Clause of the Fourteenth Amendment.[1]

On December 8, 2015 and January 8, 2016, Plaintiff filed motions for appointment of an expert witness. (Docs. 81, 86.) Defendant filed oppositions (Docs. 82, 88), and Plaintiff did not file a reply. The motions are deemed submitted. L.R. 230(l).

Federal Rule of Evidence 706 ("Rule 706") provides for court appointment of an expert witness upon a party's motion or on its own volition. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . " Fed. R. Evid. 702. The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086,

---

[1] It is unclear if Plaintiff was a pretrial detainee or a convicted prisoner at the time of the events at the Fresno County Jail. If he was a convicted prisoner, his claim arises under the Eighth Amendment rather than the Due Process Clause.

1090 (9th Cir. 2002);  *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).

However, where the costs would likely be apportioned to the government, the Court should exercise caution.  Plaintiff's *pro se*, *in forma* pauperis status alone is not grounds for the appointment of an expert witness to assist Plaintiff and Rule 706 is not a meant to provide an avenue to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses.  *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012).  Rule 706 also does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff.  *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013).

The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the medical care issue is not of such complexity that the Court requires the assistance of a neutral expert at this time.  *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).  Although there are currently no pending matters with which the Court requires special assistance, *Ford*, 291 F.3d at 1090; *Walker*, 180 F.3d at 1071, Plaintiff is not foreclosed from requesting appointment of an expert witness if and when the issues in this action are presented to the trier of fact and the trier of fact would benefit from such appointment.

Accordingly, Plaintiff's motions for the appointment of an expert witness are HEREBY DENIED as premature.

IT IS SO ORDERED.

Dated:   **May 4, 2016**                                       **/s/ Sheila K. Oberto**
                                                               UNITED STATES MAGISTRATE JUDGE

2